## JOEL STOVER *v.* J. M. LASATER.

JUSTICES OF THE PEACE. *Jurisdiction. Forfeiture.* The act of 1875, ch.
— provides that any person guilty of turbulent or riotous conduct
within or about any hotel, theater, inn or public house, "shall be
liable to a forfeiture of five hundred dollars, and the owner or per-
sons so offended against, may sue in his own name for same." A suit
for the recovery of the forfeiture should be brought in the Circuit
Court. Justices of the peace have no jurisdiction of such suits.

### FROM COFFEE.

Appeal in error from the Circuit Court of Coffee
county. J. J. WILLIAMS, J.

P. C. ISBEL for Stover.

W. A. THOMA for Lasater.

DEADERICK, C. J., delivered the opinion of the court.

Stover sued Lasater before a justice of the peace
for Coffee county. The cause of action stated in the
warrant was "$500 for forfeiture for violations of the
first and second sections of the act of the Legislature
passed on the 23d day of March, 1875, pages 216 and
217 of the acts of 1875."

That act provides that any person guilty of turbu-
lent or riotous conduct within, or about any hotel,
theater, inn or public house, etc., may be indicted and
fined not less than one hundred dollars, "and the of-
fenders shall be liable to a forfeiture of five hundred
dollars, and the owner or persons so offended against,
may sue in his own name for the same."

The magistrate before whom the trial was had, gave judgment for costs against plaintiff, and he appealed to the circuit court. There, on motion, the warrant was quashed, and plaintiff has appealed to this court. By the act of 1875, ch. 11, the jurisdiction of justices of the peace was increased to $1000 on notes, upon endorsements of negotiable paper, where demand and notice are especially waived. The same act in section two increases said jurisdiction, in all unsettled accounts, obligations, contracts or other evidences of debt, not included in the previous section, to $500. And the third section provides that said justices shall have jurisdiction in cases "for the recovery of property, and in all cases of damages, except libel and slander, arising from either tort or contract," to the extent of $500.

In the case of *Duncan* v. *Maxey*, 5 Sneed, 114, suit was brought before a justice for a penalty of $62.50, for "firing the woods." As the law then stood, justices had jurisdiction to the extent of $500 on notes of hand; $250 on accounts, obligations, contracts and other evidences of debt; and $50 in cases of damages, whether arising out of contracts or tort.

It was held that the action for a penalty was not within the justice's jurisdiction, although it was recoverable by an action of debt; that it did not fall within either class of cases, specially enumerated, but was a pecuniary punishment for a wrong done in violation of the statute, and must be sued for in the Circuit Court.

We think the reasoning of that case applies to this, and the judgment will be affirmed.